UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

HEATHER FLOWERS                                                                       PLAINTIFF

V.                                                                    CIVIL ACTION NO. 3:07cv497 DPJ-JCS

UNIVERSITY OF MISSISSIPPI
MEDICAL CENTER, ET AL.                                                              DEFENDANTS

ORDER

This employment dispute is before the Court on Defendant University of Mississippi Medical Center's motion for summary judgment [52]. Plaintiff generally complains that she was mistreated for refusing to comply with an alleged program of race-based grade inflation that artificially passed failing African American students. Much of Plaintiff's response to the pending motion focuses on the impropriety of the Defendant's grading and admissions policies. However, the Court must focus on the elements of the claims Plaintiff elected to pursue. Having done so, and having fully considered the parties' submissions and relevant law, the Court finds that Defendant's motion should be granted.

I.      **Facts/Procedural History**

In 2005, Plaintiff Heather Flowers accepted a position as an instructor in Clinical Laboratory Sciences in the School of Health Related Professions (SHRP) at the University of Mississippi Medical Center (UMMC). At the time, Plaintiff had received a Master's Degree in Clinical Health Sciences and was enrolled in a doctoral program at UMMC. Plaintiff's offer letter and contract indicated that her position was a tenure track position, with the offer letter further stating that she would be eligible for promotion to assistant professor upon completion of her doctoral degree.

In Fall 2006, Plaintiff was assigned to teach a Microbiology I class. During the semester, several African American students submitted oral and written complaints to Alice Faye Johnson, Director of Multicultural Affairs, and Dr. Hamed Benghuzzi, chair of Plaintiff's department, accusing Plaintiff of discriminating against them and mistreating them in class. At the end of the semester, four of the nine students in Plaintiff's class received failing grades. Plaintiff alleges that Dr. Benghuzzi confronted her and attempted to convince her to give the failing African American students passing grades, but she refused. Dean Ben Mitchell subsequently assigned another female to teach Plaintiff's Spring classes and assigned Plaintiff to remedial work for the semester. In February 2007, Plaintiff filed a whistleblower complaint with Dr. Daniel W. Jones, Vice Chancellor for UMMC, alleging financial aid fraud. On May 23, 2007, Dean Mitchell notified Plaintiff that her contract for the 2008 fiscal year would be a terminal contract and that, while she would receive a salary, she would not be assigned any duties for the year.

In June 2007, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission based on sex discrimination and retaliation. She filed a notice of claim under the Mississippi Tort Claims Act with UMMC on June 5, 2007, which UMMC denied by letter six days later. In August 2007, Plaintiff filed the current action in Hinds County Circuit Court asserting multiple counts under federal and state law. UMMC timely removed the action to this Court and has now moved for summary judgment.[1]

---

[1] In response to Defendant's motion, Plaintiff conceded her punitive damages claim against UMMC, contract claims against the individual defendants, § 1983 claims, defamation claim, and wrongful termination claim.

2

**II.    Analysis**

   A.   Summary Judgment Standard

Summary judgment is warranted under Rule 56 (c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgement, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The party moving for summary judgement bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and "identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim." *Fuentes v. Postmaster Gen. of U.S. Postal Serv.*, 282 F. App'x 296, 300 (5th Cir. 2008) (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)).

   B.   Plaintiff's Federal Claims

      *1.   Sex Discrimination*

Plaintiff alleges that UMMC discriminated against her based on her sex. She contends that she was moved to a remedial position and ultimately terminated for giving failing grades to several students in her Microbiology class, while male teachers who issued failing grades, specifically Tom Wiggers and David Fowler, were treated more favorably. Defendant argues that

Plaintiff cannot satisfy her prima facie case, because the male teachers she identifies as comparators are not "nearly identical" to her.

To establish a prima facie case of sex discrimination, Plaintiff is required to show that: 1) she is a member of a protected class; (2) she was qualified for the position she lost; (3) she suffered an adverse employment action; and (4) others similarly situated but outside the protected class were treated more favorably. *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). Only the fourth element is at issue. To prove disparate treatment, the similarly situated "employees' circumstances, including their misconduct, must have been 'nearly identical.'" *Perez v. Tex. Dep't of Criminal Justice, Inst. Div.*, 395 F.3d 206, 213 (5th Cir. 2004). The Fifth Circuit Court of Appeals has required that both the punished misconduct and the employees' circumstances from the perspective of their employer be "nearly identical" to satisfy the prima facie case. *Id.*; *see Hockman v. Westward Commc'ns, L.L.C.*, 282 F. Supp. 2d 512, 527-28 (E.D. Tex. 2003) (noting that "employees with different responsibilities, different supervisors, different capabilities, different work rule violations or different disciplinary records are not considered to be 'nearly identical'").

The Court finds that Plaintiff is not similarly situated to her named comparators. First, the record reflects many dissimilarities in the alleged conduct. For example, Plaintiff and the comparators each failed African American students, but Plaintiff failed more than the others. Defendant also presented unrebutted record evidence that some or all of Plaintiff's African American students orally complained about her to the administration and that other disciplinary issues persisted during the period of remediation. *See, e.g.*, Defendant's Motion [53] at Exh. "C" ¶¶ 5, 16, 17 and Exh. "D" ¶4 - 7. No such complaints or concerns were expressed as to Wiggers

or Fowler. Defendant's Motion [53] at Exh. "C" ¶¶ 12 - 14. *See Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 305 (5th Cir. 2000) (concluding that plaintiff and comparator's circumstances fell short of "nearly identical" standard when they held different positions and had different employment issues).[2]

In addition to the differences in the alleged conduct, Plaintiff's position was not nearly identical to that of Wiggers or Fowler. Plaintiff was at best a tenure track instructor whereas Wiggers was a tenured associate professor and Fowler was a tenured full professor. Although Plaintiff suggests that tenure track is the same as having obtained tenure, that is obviously not the case. Within an academic setting, tenure status is a significant distinction. *See Krystek v. Univ. of So. Miss.*, 164 F.3d 251, 257 (5th Cir. 1999) (holding that tenure tracked professor and non-tenure track professor not similarly situated). Finally, Plaintiff had worked at UMMC for only two years whereas Wiggers had worked for Defendant for more than three decades and Fowler was a department head. *See Lester v. Sec'y of Veterans Affairs*, 514 F. Supp. 2d 866, 877 (W.D. La. 2007) (finding that an employee with different qualifications is not a proper comparator); *Skennion v. Godinez*, No. 3-04-CV-1260-M, 2005 WL 910448, at *3 n.3 (N.D. Tex. Apr. 20, 2005) (finding that plaintiff hired by the postal service in 1999 was not similarly situated with employee who had been working there since 1982).

---

[2]Plaintiff claims that three written complaints should be discounted due to convenient similarities in the submissions. However, Dean Ben Mitchell, the decision maker, testified that all five African American students in the subject class complained orally, and that the three written complaints were submitted after the administration met with students as part of an investigation. He further stated that he did not personally review the written complaints until after the decision. Exh "S" to Plaintiff's Response [57] at 13.

5

In sum, Plaintiff has not named any male instructors who were treated more favorably under nearly identical circumstances. In addition, she was replaced by another woman and offers no alternative means for establishing a prima facie case. Accordingly, Defendant's motion for summary judgment of the sex discrimination claim is granted.

2. *Race Discrimination*

Plaintiff, who is white, also argues that Defendant discriminated against her on account of her race. However, Plaintiff's Complaint does not list a count for race discrimination, and it was not raised prior to her response to the motion for summary judgment. "A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005); *see also Spann ex rel. Hopkins v. Word of Faith Christian Ctr. Church*, 589 F. Supp. 2d 759, 771 n.8 (S.D. Miss. 2008).

3. *Retaliation*

Defendant argues that Plaintiff failed to engage in protected activity, which is necessary to support a claim of retaliation. Plaintiff failed to address the retaliation claim in her response. Finding Defendant's argument otherwise meritorious, Plaintiff's retaliation claim is due to be dismissed. *See* FED. R. CIV. P. 56(e) (noting that an adverse party fails to respond with specific fact evidence, "summary judgment, if appropriate, shall be entered against the adverse party"); *Sanders v. Bell Helicopter Textron Inc.*, 199 F. App'x 309, 310 (5th Cir. 2006) (affirming dismissal where non-moving party failed to respond).

C.  Plaintiff's State Law Claims

1. *Breach of Contract*

Plaintiff contends that UMMC breached her employment contract by failing to give timely notice of her termination. Defendant maintains that Plaintiff was given the required notice for non-renewal of her contract and that it actually paid her for an entire term during which she performed no work. To maintain a breach of contract claim, Plaintiff must demonstrate: (1) the existence of a valid contract; (2) a breach of the contract by the defendant; and (3) monetary damages. *Warwick v. Matheney*, 603 So. 2d 330, 336 (Miss. 1992).

The Court finds that Plaintiff's breach of contract claim against UMMC fails. Pursuant to an internal policy, UMMC was required to give written notice of its intent not to renew her employment "not later than December 1 before the date of termination." *See* IHL Policy 403.0102, Exh. "B" to Watson Aff. (Exh "D" to Defendant's Motion). UMMC renewed Plaintiff's contract for the 2008 fiscal year, but gave her notice in May 2007 that it would not again renew. Defendant satisfied the notice requirement of the IHL policy and paid Plaintiff for an entire year in which she performed no work. Accordingly, there was no breach of Plaintiff's contract.

2. *Mississippi Tort Claims Act*

Plaintiff asserts multiple tort claims pursuant to the Mississippi Tort Claims Act (MTCA), including tortious interference with contractual relations and intentional infliction of emotional distress. In the summary judgment motion, Defendant alleges that Plaintiff failed to satisfy the notice requirements for bringing claims against a governmental entity under the MTCA. Section 11-46-11 of the Mississippi Code provides that a claimant under the MTCA

7

"shall file a notice of claim with the chief executive officer of the governmental entity [sued] . . . ninety (90) days prior to maintaining an action" on the claim. (Rev. 2002). Plaintiff submitted her notice of claim to Defendant on June 5, 2007, and filed this action in state court a little more than sixty days later on August 6, 2007.

The Mississippi Supreme Court recently held that "the ninety-day notice requirement under section 11-46-11(1) is a hard-edged, mandatory rule which the Court strictly enforces." *Bunton v. King*, 995 So. 2d 694, 696 (Miss. 2008) (citing *Univ. of Miss. Med. Ctr. v. Easterling*, 928 So.2d 815, 820 (Miss. 2006)). In *Bunton*, the plaintiffs filed their complaint seven days after sending their notice of claim to the government entity. By failing to wait ninety days to file their complaint, the Court found that the plaintiffs failed to comply with the MTCA's notice requirement. It held that "[b]ecause the notice requirement is jurisdictional, the circuit court never obtained subject-matter jurisdiction." *Id.*

Here, Plaintiff filed her action prior to the expiration of the ninety-day period. Although Plaintiff contends that the brevity of Defendant's investigation and denial of her claim resulted in the quick filing time, the Court is bound by the Mississippi Supreme Court's decision in *Bunton*. Accordingly, the Court lacks jurisdiction to hear Plaintiff's tort claims which are dismissed without prejudice.

    3.  *Whistleblower Claims*

Plaintiff alleges that her contract was non-renewed for engaging in "whistleblowing" activity, which is proscribed by the Mississippi Public Employee Whistleblower Protection Act, Mississippi Code Annotated Section 25-9-171, *et seq.* This claim would seemingly reflect the best fit for the stated facts if indeed Flowers meets the statutory definition of a whistleblower.

Mississippi Code Annotated Section 25-9-171(j) defines a whistleblower as "an employee who in good faith reports an alleged improper governmental action *to a state investigative body*." (Emphasis added). "'State investigative body' shall mean the Attorney General of the State of Mississippi, the State Auditor, the Mississippi Ethics Commission, the Joint Legislative Committee on Performance Evaluation and Expenditure Review or any other standing committee of the Legislature, or any district attorney of the State of Mississippi." Miss. Code Ann. § 25-9-171(g).

Plaintiff argues in her memorandum [59] that she made her complaint to Bob Jenkins, who she claims serves as Special Assistant Attorney General for the State of Mississippi. However, the record reflects that her whistleblower letter was addressed to Vice Chancellor Daniel W. Jones and copied to Jenkins. *See* Defendant's Reply [63] at Exh. "I" and "L" at 81. There is no suggestion that notice to Jones constitutes notice to an investigative body. *See Harris v. Miss. Valley State Univ.*, 873 So. 2d 970, 987 (Miss. 2004) (affirming summary judgment and holding that complaint regarding faculty hiring decision made to accreditation body not made to investigative body). As for Jenkins, there are no Mississippi cases addressing whether a carbon copy to a Special Assistant Attorney General assigned to a public university (or arm of the state) constitutes a complaint made to "the Attorney General." Nevertheless, the claim fails because Jenkins produced an affidavit stating, "I do not work for the Attorney General of the State of Mississippi." Defendant's Reply [63] at Exh. "J."[3]

---

[3]Plaintiff's comments regarding Jenkins appear in her memorandum as the argument of counsel, but she offered no record evidence supporting her contention that she notified Jenkins or that he is a Special Assistant Attorney General. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754,

Plaintiff's failure to report the alleged improper conduct to a state investigative body spoils her claimed status as a whistleblower under section 25-9-171. *Harris*, 873 So. 2d at 987. Accordingly, her claim for retaliation in violation of the whistleblower statute is dismissed.

## III. Conclusion

As explained above, Defendant's motion for summary judgment is hereby granted. Plaintiff's claims are dismissed with prejudice except for her tort claims under the MTCA which are dismissed without prejudice.[4]

**SO ORDERED AND ADJUDGED** this the 18th day of August, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

759 (5th Cir. 2002). Accordingly, Jenkins affidavit is unrebutted in the record.

[4] Defendant UMMC filed the instant motion on its own behalf, however, the docket reflects that Ben L. Mitchell and Hamed Benghuzzi, in their individual capacities, remain defendants in this case. The parties are directed to notify the Court within ten (10) days whether or not, in light of this ruling, any issues remain as to these individual defendants.